**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES WOLFE,

      Plaintiff,                      CIVIL ACTION NO.  10-CV-13642

   vs.

                                       DISTRICT JUDGE BERNARD A. FRIEDMAN

CHAD JOHNSON, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANT CHAD JOHNSON'S MOTION TO
QUASH THE DEPOSITION OF BRIAN A. KREUCHER  (DOCKET NO. 15)**

     This matter comes before the Court on Defendant Chad Johnson's Motion To Quash The Deposition Of Brian A. Kreucher.  (Docket no. 15).  Plaintiff filed a response.  (Docket no. 18).  Defendant Johnson filed a reply.  (Docket no. 19).  The motion has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 16).  The Court heard oral argument on the motion on October 4, 2010.  The motion is now ready for ruling.

     Plaintiff Charles Wolfe, d/b/a Lady Jane's Hair Cuts for Men, brought this action against Defendants Chad Johnson, LADY JANE'S HAIR CUTS FOR MEN HOLDING COMPANY, LLC, and others asserting claims of false designation of origin and trademark infringement, trademark dilution, trade dress infringement, as well as for violations of the Anticybersquatting Consumer Protection Act and violations of state law related to Defendant Johnson's alleged fraudulent registration and use of the "Lady Jane's" service mark and trade dress.  In addition, Plaintiff's complaint seeks a declaratory judgment that U.S. Trademark Registration Number 3,448,968 is

invalid.  (Docket no. 4).

In June 2011 Plaintiff issued a subpoena and Notice of Deposition Duces Tecum of Brian Kreucher, Defendant Johnson's former attorney.  (Docket no. 15, ex. A).  The subpoena and deposition notice command Kreucher to appear and testify on matters relating to Defendant Johnson and/or the trademark "Lady Jane's," and bring with him to the deposition all documents relating to the trademark "Lady Jane's," including any documents relating to the application for federal registration of the "Lady Jane's" mark, and any documents relating to the ownership of or enforcement/policing of rights in the mark.  (Docket no. 15, ex. A).

On June 23, 2011, the day before Kreucher was scheduled to appear for deposition, Defendant Johnson filed the instant Motion To Quash Kreucher's deposition.  Plaintiff opposes the motion.  The parties' dispute over the duces tecum deposition of Kreucher centers in large part around notes Kreucher took and a conversation he had with Defendant Johnson and Johnson's attorney, Thomas E. Anderson, during a meeting held between the three.  At the time of the meeting, Kreucher was acting as Defendant Johnson's attorney in separate litigation matters pertaining to Johnson's ownership of the Lady Jane's mark.

In the instant motion, Defendant Johnson argues that Plaintiff seeks to have Kreucher produce notes and testify about information that is protected under the attorney-client and work product privilege.  Plaintiff argues in turn that Kreucher has knowledge of whether Defendant Johnson believed he owned the Lady Jane's mark before and during the time he registered the mark.

During the hearing on this motion, the parties agreed to a resolution of the deposition issue.  Specifically, the parties agreed that the deposition duces tecum of Brian Kreucher may go forward in Novi, Michigan on a mutually convenient date and time provided that Plaintiff's questioning of

Kreucher is limited to the issue of ownership and knowledge of ownership of the mark before and during the pendency of trademark registration.

With regard to the notes taken by Kreucher during a client meeting between himself, Defendant Johnson, and attorney Anderson, the Court will decline to order Kreucher to produce the notes at his deposition. Federal Rule of Civil Procedure 26(b)(3) provides that a party may discover documents of another party prepared in anticipation of litigation or for trial only upon a showing that the party has a substantial need for the materials to prepare the case and cannot, without undue hardship, obtain their substantial equivalent by other means. The parties have informed the Court that Kreucher created the disputed notes during a client meeting with Defendant Johnson in which Kreucher was acting as Johnson's attorney. During this meeting Kreucher, Defendant Johnson, and attorney Anderson discussed issues related to Defendant Johnson's conflict and ongoing trademark infringement litigation with the Lady Jane's store of Novi. Although Plaintiff maintains that he has a substantial need for Kreucher's notes because they may contain evidence of Defendant Johnson's fraud, Plaintiff acknowledged during the hearing on this motion that his belief that the notes contain such evidence is speculative. The Court finds that Plaintiff has not demonstrated that he has a substantial need for Kreucher's notes. Furthermore, since Plaintiff will have the opportunity to depose Kreucher, he has not shown that he cannot obtain evidence of Defendant Johnson's alleged fraud from Kreucher himself.

**IT IS THEREFORE ORDERED** that Defendant Johnson's Motion To Quash The Deposition Of Brian A. Kreucher (docket no. 15) is **GRANTED IN PART** as follows:

- A. Within ten days of the entry of this order Plaintiff must serve on Defendants an amended Notice of Taking Duces Tecum Deposition of Brian Kreucher, with the deposition scheduled to occur at the Novi office of Carrier, Blackman & Associates in Novi, Michigan on a date and time convenient to the parties, but no later than

November 11, 2011. Defendants must produce Brian Kreucher in accordance with the duly served amended Notice of Taking Duces Tecum Deposition.

B. Questioning of Brian Kreucher during the deposition must be limited to the issue of ownership and knowledge of ownership of the mark at issue before and during the pendency of trademark registration.

C. The amended Notice of Taking Duces Tecum Deposition of Brian Kreucher may command Mr. Kreucher to bring with him to the deposition documents relating to the trademark "Lady Jane's," including documents relating to the application for federal registration of the "Lady Jane's" mark, documents relating to the enforcement/policing of rights in the mark, and documents relating to the ownership of the mark, except that Kreucher may not be commanded to produce for deposition notes that were taken by him during the meeting between Brian Kreucher, Defendant Johnson, and Thomas E. Anderson as discussed in this order.

D. In all other respects, the motion is denied.

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 14, 2011         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 14, 2011         s/ Lisa C. Bartlett
                                Case Manager